967 F.2d 583
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Thomas B. ARMSTRONG, Petitioner-Appellant,
v.
James BLODGETT, Superintendent, Washington State
Penitentiary, Respondent-Appellee.
 No. 90-35581.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 5, 1992.*
Decided June 15, 1992.
 
 Before EUGENE A. WRIGHT, CANBY and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Thomas B. Armstrong, III challenges the constitutionality of the Washington felony-murder statute under which he was convicted. Our review is de novo. United States v. Savinovich, 845 F.2d 834, 839 (9th Cir.), cert. denied, 488 U.S. 943 (1988).
 
 DISCUSSION
 
 3
 Armstrong contends that section 9A.32.050(1)(b)[1] of the Washington Revised Code is unconstitutional on its face. According to Armstrong, the statute merges the underlying assault offense into the homicide and thereby relieves the state of its burden of proving the mental state for second-degree murder. Armstrong accordingly concludes that the statute violates the Equal Protection and Due Process Clauses of the United States Constitution.
 
 
 4
 The Washington Supreme Court repeatedly has held that assault will support a charge of second-degree felony murder. State v. Wanrow, 91 Wash.2d 301, 309-11, 588 P.2d 1320, 1324-25 (1978); State v. Thompson, 88 Wash.2d 13, 16-18, 558 P.2d 202, 205 (1977); State v. Harris, 69 Wash.2d 928, 931-34, 421 P.2d 662, 663-65 (1966). In Thompson, the court implicitly rejected the constitutional arguments and treated the issue as a matter of statutory construction. Thompson, 88 Wash.2d at 16-18, 558 P.2d at 205; see also Wanrow, 91 Wash. at 309, 588 P.2d at 1324 (discussing the holding in Thompson ). When the Thompson defendant brought his challenge to the United States Supreme Court, the Court dismissed his appeal "for want of a substantial federal question." Thompson v. Washington, 434 U.S. 898 (1977).
 
 
 5
 Because this appeal was direct rather than discretionary, its dismissal constitutes a ruling on the merits. See Hicks v. Miranda, 422 U.S. 332, 344 (1975). In the absence of contrary doctrinal developments, we are bound by the dismissal. Id. ("[I]f the Court has branded a question as unsubstantial, it remains so except when doctrinal developments indicate otherwise.") Armstrong appears to contend that the Court's subsequent decision in Sandstrom v. Montana, 442 U.S. 510 (1979), undermines the dismissal. There, the Court held that jury instructions violated the Constitution by relieving the state of the burden of proving the intent element. Id. at 514-27. From this holding, Armstrong would have us infer a rejection of Washington's statutory scheme.
 
 
 6
 We decline to adopt this expansive interpretation, and conclude that we still are bound by the Thompson dismissal. Accordingly, we hold that section 9A.32.050(1)(b) does not violate the United States Constitution.[2]
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 Section 9A.32.050 of the Washington Revised Code provides in part:
 (1) A person is guilty of murder in the second degree when:
 (a) With intent to cause the death of another person but without premeditation, he causes the death of such person or of a third person; or
 (b) He commits or attempts to commit any felony other than those enumerated in RCW 9A.32.030(1)(c), and, in the course of and in furtherance of such crime or in immediate flight therefrom, he, or another participant, causes the death of a person other than one of the participants....
 Section 9A.32.030(1)(c) of the Washington Revised Code provides in part:
 (1) A person is guilty of murder in the first degree when:
 * * *
 (c) He commits or attempts to commit the crime of either (1) robbery, in the first or second degree, (2) rape in the first or second degree, (3) burglary in the first degree, (4) arson in the first degree, or (5) kidnapping, in the first or second degree, and; in the course of and in furtherance of such crime or in immediate flight therefrom, he, or another participant, causes the death of a person other than one of the participants....
 
 
 [2]
 We find it unnecessary to address James Blodgett's arguments concerning waiver